# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOSHUA TRAUTMANN,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0048** (BOR Appeal No. 2047352)
                         (Claim No. 2007232023)

**FIRST PRESBYTERIAN CHURCH, BLUEFIELD,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Joshua Trautmann, by Gregory S. Prudich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. First Presbyterian Church, Bluefield, by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 19, 2012, in which the Board affirmed a June 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 29, 2010, decision denying authorization for anterior cruciate ligament (ACL) reconstruction. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Trautmann worked for First Presbyterian Church as a children and youth director. On June 3, 2007, Mr. Trautmann was picking up a child when his right knee gave out. Following the injury, an MRI was taken which was normal except for a small grade one osteochondral defect of the lateral femoral condyle and lateral patellar facet. Mr. Trautmann's claim was held compensable, and he initially received conservative treatment including physical therapy. Since Mr. Trautmann continued to experience significant pain, Philip J. Branson, M.D., performed an arthroscopic repair of Mr. Trautmann's knee. Mr. Trautmann gradually improved following the

1

surgery, but he began to experience tenderness and instability in the knee, which Dr. Branson attributed to ACL insufficiency. Anthony J. Shaia, M.D., performed a second right knee arthroscopy on Mr. Trautmann's right knee, but Mr. Trautmann continued to experience instability in the right knee. Mr. Trautmann then came under the care of William E. Nordt, M.D., who suggested that he had chronic ACL insufficiency and a possible tear. On September 3, 2010, Dr. Nordt performed ACL reconstruction on Mr. Trautmann and requested reimbursement for the procedure. The request was submitted to Rebecca Thaxton, M.D., for a physician's review, and she determined that the surgery should not be authorized because the ACL tear was not related to the compensable injury. She pointed out that the initial MRI taken after the injury did not reveal an ACL tear. On December 29, 2010, the claims administrator denied authorization for the September 3, 2010, ACL reconstruction surgery. Dr. Nordt was then deposed, and he testified that the ACL tear and corresponding reconstruction were related to the June 3, 2007, injury. He suggested that Dr. Branson did not appreciate the full extent of Mr. Trautmann's knee problems when he performed the first arthroscopic surgery. Dr. Branson was also deposed, and he testified that during the first arthroscopic knee surgery he observed Mr. Trautmann's right knee ACL. Dr. Branson further testified that, at the time, Mr. Trautmann's ACL was intact. On June 19, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 19, 2012, leading Mr. Trautmann to appeal.

The Office of Judges concluded that the reconstruction of Mr. Trautmann's ACL on September 3, 2010, was not medically related or reasonably required to treat his compensable injury. The Office of Judges found that the damage to Mr. Trautmann's ACL, which required reconstruction surgery, apparently occurred after the June 3, 2007, injury. In reaching this determination, the Office of Judges relied on Dr. Branson's deposition testimony. The Office of Judges also considered the opinion of Dr. Nordt, but it placed more weight on Dr. Branson's opinion because he had first-hand knowledge of the condition of Mr. Trautmann's ACL at the time of the first arthroscopic surgery. The Office of Judges further noted that the initial MRI of Mr. Trautmann's knee showed no signs of an ACL tear. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Mr. Trautmann has not demonstrated that the ACL reconstruction surgery performed on September 3, 2010, was medically related and reasonably required to treat his compensable injury. The evidence in the record does not indicate that the damage to Mr. Trautmann's ACL is causally related to the compensable injury. The ACL reconstruction, therefore, is not related to the compensable injury. The MRI, taken immediately after the compensable injury, showed no signs of an ACL tear. Dr. Branson, furthermore, testified that there were no apparent abnormalities in the ACL during the first arthroscopic knee surgery. Dr. Nordt's suggestion that Dr. Branson simply did not see an apparent ACL tear is based on mere speculation and is not sufficient to justify authorizing the reconstruction surgery in light of the remainder of the record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II